**ETTEN v. LOVELL MFG. CO. et al.**

**No. 55.**

District Court, W. D. Pennsylvania.

Jan. 24, 1945.

Brooks, Curtze & Silin, of Erie, Pa., for plaintiff.

Hugh C. Lord, of Erie, Pa., for defendants.

SCHOONMAKER, District Judge.

The complaint in this case is filed under the patent laws of the United States, Section 4915 of the Revised Statutes, U.S.C.A., Title 35, § 63, and under Title 28, § 41(7), of the United States Code Annotated, as a suit arising under the patent laws, and also under the Declaratory Judgments Act, Title 28, § 400.

The complaint alleges two causes of action: (1) A proceeding under Section 4915 of the Revised Statutes with respect to two patent applications for wringers involved in two interferences in the Patent Office,—one by the plaintiff, and the other by defendant, Lovell Manufacturing Company, Assignee of Gustave H. Jantz,—as to which the Commissioner of Patents declared interferences Nos. 75,433 and 76,987, awarding priority of invention to defendant Lovell Manufacturing Company; and (2) an action charging conspiracy between defendants, Lovell Manufacturing Company and Walter H. Kauffmann, II, to produce false and untrue testimony in the proceedings on said interferences and to suppress the true facts with reference thereto; thereby inducing the Patent Office to deprive plaintiff of patents to which he was justly entitled, to the great damage of the plaintiff.

Defendants moved to dismiss that part of the complaint arising out of interference 75,433, based on the allegations of para-

234

graph 17 of the complaint. By leave of court, plaintiff amended his complaint by striking therefrom the entire paragraph 17, whereupon was denied the defendants' motion to dismiss the complaint as to interference No. 75,433.

Defendants also filed motions to dismiss, or strike, portions of the complaint for lack of jurisdiction, and also for failure to state claims upon which relief can be granted, and for a bill of particulars.

## Paragraph (A) of Defendants' Motion

The question on the motion to dismiss involves a determination of whether or not there may be joined with the action under Sec. 4915, R.S.,—which involves only Interference No. 75,433 and No. 76,987, and rights of the plaintiff and defendant Lovell Manufacturing Company with respect thereto,—an action for a conspiracy and a declaratory judgment which involves the plaintiff and both defendants in this case. Defendants concede that the 4915 actions are filed as a matter of right under the statute to review decisions of the Board of Appeals of the United States Patent Office; but contend that plaintiff may not bring into the 4915 actions a conspiracy count which involves not only the plaintiff and defendant, Lovell Manufacturing Company, but also Walter H. Kauffmann II; and that unless and until plaintiff prevails in his action under Section 4915, R.S., he has no cause of action for conspiracy.

■ With this contention we cannot agree. It is our view that it is entirely proper to join these two causes of action. This procedure is justified by Rule 18 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Paragraph (a) of that rule provides: "The plaintiff in his complaint * * * may join · * * * as many claims either legal or equitable or both as he may have against an opposing party. * * *" And Paragraph (b) provides: "Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. * * *"

■ We are also of the opinion that the inclusion of Walter H. Kauffmann II as a party defendant is permissible under Rule 20 of the Rules of Civil Procedure. It provides in Subsection (a): "* * * All persons may be joined * * * as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transactions, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

We therefore conclude that paragraph (a) of defendants' motion to dismiss should be denied.

## Paragraph (B) of Defendants' Motion

■ This paragraph alleges that the complaint is insufficient in paragraphs (14), (15), and (16), in that they do not comply with subsections (b) and (g) of Rule 9 of the Rules of Civil Procedure, because the facts are not alleged with sufficient particularity to comply with this rule. Ultimate facts are all that need be stated in a complaint, and in our opinion the complaint is sufficient. If additional particulars of the charge are required, they may be obtained either by bill of particulars or by depositions and discovering proceedings under the Rules of Civil Procedure. As to the allegation in paragraph (15) of the complaint, we do not find that plaintiff is demanding any items of special damages which would require a specific statement thereof.

The motion to dismiss or strike as to this paragraph will be denied.

## Paragraph (C) of Defendants' Motion

This paragraph of defendants' motion states that plaintiff is suggesting in paragraph (14) of the complaint, the issuing of a restraining order against the Commissioner of Patents from issuing a patent to defendant Lovell Manufacturing Company. We do not find any prayer for such restraining order either in paragraph (14) or in the prayers for relief in complaint.

Defendants' motion as to this paragraph will be denied.

## Paragraph (D) of Defendants' Motion

This paragraph alleges there is no showing to justify a suggestion ·in paragraph (14) of the complaint of the danger of the destruction of documentary evidence by defendants, and that therefore an injunction in this respect is not justified. No specific request for such a restraining order has been made by plaintiff.

We therefore decline to strike this paragraph for the reasons alleged.

## Paragraph (E) of Defendants' Motion

Plaintiff, of his own motion, amended his complaint by striking out paragraph (17); and there is no reason for passing on defendants' motion with respect to this paragraph.

## Paragraph (F) of Defendants' Motion

In this portion of their motion defendants are asking for plaintiff's dates of invention, reduction to practice, etc. As the parties themselves filed in the Patent Office preliminary statements setting forth the dates which would be relied upon, we see no reason for filing the dates again in this proceeding. This part of defendants' motion will therefore be denied.

## Paragraph (G) of Defendants' Motion

This paragraph demands that if paragraphs (14), (15), and (16) are not stricken from the complaint, plaintiff be required to furnish a bill of particulars. Plaintiff has answered this motion, giving such details as he was of opinion should be required of him.

In our opinion the complaint itself gave the defendants the necessary information as to the nature of plaintiff's cause of action, and a bill of particulars was not necessary in this case. The information asked for is largely of an evidentiary character which, in our opinion, can best be obtained under the Rules of Civil Procedure, or by depositions and discovery.

An order may be submitted holding that plaintiff's bill of particulars filed in answer to paragraph (G) of defendants' motion is sufficient, and that no further bill of particulars be required of plaintiff.

Plaintiff may submit orders in accordance with this opinion on notice to defendants' counsel.