**BARNES v. BOWLES, Price Administrator.**

**No. 11545.**

Circuit Court of Appeals, Fifth Circuit.

Oct. 25, 1946.

Aaron Kravitch and Perry Brannen, both of Savannah, Ga., for appellant.

David London, Director, Litigation Division, O.P.A., and Albert M. Dreyer, Chief, Appellate Branch, O.P.A., both of Washington, D. C., and Edward N. Vaden, Regional Litigation Atty., O.P.A., and James M. Roberts, Atty., O.P.A., both of Atlanta, Ga., for appellee. Contra.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The Administrator sought an injunction against Barnes, and the recovery of overcharges made by him in the sale of coal and a penalty of three times the overcharges for wilful violation of the price schedules, under Section 205(a) and (c) of the Emergency Price Control Act of 1942, 56 Stat. 33, 50 U.S.C.A.Appendix, § 925(a, c). On a trial before the district judge without a jury overcharges of $1,108.75 were found, for which judgment was given, and the violations being found wilful, $3,326.25 was added, and an injunction ordered. On this appeal the sole contention is that the evidence does not support the fact findings that the charges of twenty-five cents per eighty pound sack of coal for delivering it by truck were made by Barnes and not by his sister; and that the overcharge was wilful.

The Administrator had the burden. The evidence was that the price regulations in force during 1944 provided that regardless of any obligation, no person shall sell solid fuels at prices higher than the maximum fixed, or obtain a higher than

---

maximum price by charging for a service not specifically authorized, or using any other device by which a higher than maximum price is obtained directly or indirectly; and that a price schedule was put in force for "retail sales of specified sizes, kinds and quantities of solid fuels delivered to consumers at any point within the corporate limits of the City of Savannah, Georgia. * * * Dealer may charge not more than 75 cents for 80 pound sack of any kind of coal."

Barnes was, during all of the year 1944, a coal dealer in Savannah operating under the name Griffin Wood & Coal Company. His sister was his bookkeeper, and in charge of the office. Between Sept. 21 and Dec. 30, 1944, 4,435 sacks of coal were prepared at Barnes' coal yard by his employees and delivered by truck to consumers in Savannah, for which, as shown by the invoices, 75 cents was charged for the coal and 25 cents for delivery. The invoices were made out mostly by the sister on blanks headed Griffin Wood & Coal Co., or with no heading. The orders were taken by her over the 'phone of the Company at its office. She testifies that during this period she was operating a separate delivery business under the name of Griffin Coal & Wood Delivery Service, and as orders were received she bought sacks of coal from the coal yard and delivered them with a truck belonging previously to her brother, but bought on a credit from him for this use and partly paid for. The city license for its use was in her name. She had no office of her own, and no stationery, and the advertising was all in the name of Griffin Wood & Coal Co. She had books showing that she had paid the truck driver and other expense of the trucking, but they did not show her payments for the coal to her brother, which she says were made in cash after closing the office each day. Barnes, too, so testified, but as to the sale of his truck to her he said: "It was mentioned, and it was already there. We talked about it; it was a brother and sister affair; and I had it there and could not sell it and I just let her use it. * * * I did not make a formal sale. * * * I turned it over to her to operate with the under-standing she would pay me for it if she made enough money." He said she paid about $275 on the truck which was repaid to her when she turned the truck back at the end of the year. She testified the arrangement was stopped then because she did not wish complications with the O.P.A. and was not making any money. The investigator went to Barnes and asked him for his invoices covering his sales of coal for the last three months. He said his sister had them, come back tomorrow. The next day Barnes delivered the invoices above described. They did not indicate that the 25 cents for delivery was charged by anyone other than the seller of the coal. Barnes said the sister lived in the house with him, but she lived on what she earned and her father helped her, all three living together. She said she was paid $20 per week by Barnes before she went into the delivery business; after that he was kind and made advances to her as she did not make enough to support herself. Both said the delivery plan was the sister's idea.

The judge, who heard and saw the witnesses, found that the whole business was the business of Barnes, and his sister's acts in connection with the sale and delivery of the coal were performed at the instance and on behalf of Barnes, and the appearance of a separate business conducted by her was a pretense; and being a pretense and intended to evade the price schedule they were wilful violations. We cannot say the finding is clearly erroneous. Both knew of the regulation and maximum price. Beside the family connection, we have this new business set-up, unadvertised, using the former office, telephone and stationery. When Barnes is asked for his invoices, he does not, according to the inspector, say they are his sister's, that she is selling the coal or delivering it, but produces them the next day as his, bearing his trade name when they bear any, and showing the 75 cents for coal and 25 cents for delivery as charged by his company. He himself says the sale of the truck to her was not a serious one. Probably not much coal in sacks could have been sold without delivering it to the purchaser's homes and this plan permitted the cost of delivering it to

be shifted to the purchaser, a thing confessedly not authorized by the price order. If it was practiced by Barnes, as the court concluded, to evade the price order, it was of course wilful.

Judgment affirmed.