## GODDARD v. MADDOX et al.
### Civil Action No. 2882.

District Court, N. D. Georgia,
Atlanta Division.

Jan. 21, 1947.

D. B. Phillips, of Norcross, Ga., and Otis N. Pharr, of Dacula, Ga., for plaintiff.

James C. Howard, Jr., of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

This is an action to recover treble damages under § 205(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix § 925(e), for an alleged overcharge in the purchase and sale of a 1942 Cadillac Club

Coupe. The case was heard by the Court without a jury, jury having been waived.

Plaintiff contends he purchased the Cadillac automobile in question from defendants at an agreed price of $2700, paying this amount by delivering a 1942 Chevrolet Fleetline Aero Sedan valued at $950, a check for $1500.00, and $250 in currency. Defendants contend the transaction with reference to the Chevrolet was entirely separate and distinct from that concerning the Cadillac, that they purchased the Chevrolet from plaintiff for $950, which was paid to him in cash, and that plaintiff in turn purchased the Cadillac from defendants for $1540, which was paid by a check for $1500.00 and $40 in cash.

The ceiling prices of the two vehicles, as established by the Office of Price Administration, was $1540 for the Cadillac and $984 for the Chevrolet, each being equipped with a heater and radio. (Stipulation of the parties, 10 F.R. 1388.)

Plaintiff testified that he purchased the Cadillac from defendants for $2700, making payment in the manner outlined above, and received no separate monetary consideration for the Chevrolet. Defendant Maddox testified the total charged plaintiff for the Cadillac was $1540, as expressed in the bill of sale, paid by a check for $1500 and $40 in cash; that plaintiff was paid $950 in cash for the Chevrolet, a check being drawn by defendants payable to cash for record purposes and the actual money delivered to him, and that this was an entirely separate and completed transaction. Defendant's employee, J. D. Eberhart, testified to the same effect.

The check for $950 is not endorsed by any one, and plaintiff denied receipt of this or any other sum in payment for the Chevrolet. Marvin Waldrop testified in behalf of plaintiff that he saw plaintiff deliver some money to defendants' representative on their used car lot, but could not state the amount paid. Plaintiff contends the check for $950 was a device contrived by defendants to circumvent the Emergency Price Control Act, and that the bill of sale introduced in evidence did not correctly state the amount paid for the Cadillac. Plaintiff denied knowledge of the price ceilings, but admitted he had purchased several automobiles during the year in which the transaction complained of occurred and that he made no inquiry as to ceiling prices.

It will be seen that the testimony of plaintiff, defendant Maddox, and defendants' employee Eberhart, is positive, while that of the witness Waldrop is equivocal and the sum of money he testified about could have been the $40 referred to by defendants as having been paid in addition to a check for $1500.

The burden of proof is upon the plaintiff to show violation of the established price ceiling by defendants. Barnes v. Bowles, 5 Cir., 157 F.2d 790. The sole question at issue is a simple one of fact between the parties and the evidence fails to preponderate toward either side of the matter. Other than the contradictory statements of the parties, there is no evidence going to their credibility.

I find, therefore, that plaintiff has not carried the burden of proof and has not made out a case. "Verdicts cannot rest upon guess or conjecture. '* * * a court that is left without knowledge of a fact after exploring to the full every channel of information must needs decide against the litigant who counts upon the fact as an essential of his claim. De non apparentibus et de non existentibus eadem est ratio.' Shapleigh et al. v. Mier, 299 U.S. 468, 57 S.Ct. 261, 264, 81 L.Ed. 355, 113 A.L.R. 253." Shapleigh et al. v. United Farms Co., 5 Cir., 100 F.2d 287, 289.

Whereupon, it is considered, ordered and adjudged that plaintiff have and recover nothing of defendant, and that defendant have and recover of plaintiff the sum of $——, costs of suit.