## BROWN et al. v. SCHWARTZ.

### No. 12030.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1947.

---

Abe Aronovitz and Sanford M. Swerdlin, both of Miami, Fla., for appellants.

Alan King, of Miami Beach, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Filed under Section 205(e) of the Emergency Price Control Act,[1] the suit was brought for triple damages plus attorney's fees for violation of maximum rent regulations. The defense was a general denial. There was a trial to the court without a jury, in the course of which plaintiff testified positively in support of her claim, and defendant Brown testified as positively against it. The district judge, of the opinion that the plaintiff's testimony was true, found for her for the amount she claimed to have overpaid and attorney's fees, but awarded her only $2 as damages on the ground that she, herself, was a party to the violation. The defendants filed a motion for new trial on the ground of newly discovered evidence. This motion was denied, and defendants have appealed, assigning as error the single ground that the court erred in denying their motion for a new trial.

Calling attention to the fact that the amount awarded was small and the costs of appeal proportionately great, and insisting that it is not the amount involved in, but the badness of the principal established by, the judgment which they are appealing against, appellants earnestly press upon us their arguments for reversal.

Appellee as earnestly insists · that the judgment was right in principle, though unduly meager in amount. She invokes the settled rules of state and federal courts alike: (1) That a motion for new trial is directed to the judicial discretion of the trial court, and its ruling thereon will not be disturbed in the absence of a clear abuse of that discretion; (2) that a motion for new trial on the ground of newly discovered evidence may not be granted unless (a) the facts discovered are of such a nature that they will probably change the result if a new trial is granted, (b) they have been discovered since the trial and could not by the exercise of due diligence have been discovered earlier, and (c) they are not merely cumulative or impeaching.[2] Invoking these rules, she points out that appellants' proof wholly fails to meet them in that: (a) the evidence tendered as newly discovered is not independent evidence going to the merits but merely impeaching evidence; (b) if received on a new trial it would not probably change the result; (c) it was available in the place where the case was tried; (d) the failure to discover and use it can be attributed only to appellants' negligence; and (e) that, therefore, the denial of the motion was not the abuse, but the use, of the trial court's discretion.

A reading of the affidavits tendered in support of the motion leaves us in no doubt that appellee is clearly right. The testimony was at best impeaching. Nor was it of such a nature as that if received on another trial it would probably change the result. Plaintiff and defendant Brown met head on with reference to the cashing of a check and what was done with the proceeds. The court, as it had a right to do, credited the tenant and not the landlord. The new evidence could have had no other effect than to impeach her by discrediting her testimony in a manner not going to the merits of the case, and it is settled law that "newly discovered evidence, the effect of which is to discredit, contradict or impeach a witness, does not afford a basis for the granting of a new trial." If the newly discov-

---

[1] 50 U.S.C.A.Appendix, § 925(e).
[2] Moore's Federal Practice Under the New Federal Rules, Rule 59.02, page 3245 note; 39 Am.Jur., Secs. 156, 176, where a full and satisfactory treatment of the whole subject may be found.

ered evidence had been of admissions by plaintiff contrary to her testimony, it would not have been merely impeaching because, being admissions, such statements are independent substantive evidence which would tend to contradict the evidence she had given. The evidence purporting to have been discovered here, however, was not of that nature. In addition, no showing is made why the evidence was not earlier discovered nor why it should be regarded as an abuse of the court's discretion to deny the motion.

The judgment is, therefore, affirmed.