**STEINFELDT v. HAYMOND.**

No. 12574.

United States Court of Appeals Fifth Circuit.

June 25, 1949.

---

Claiming that the Court erred to his prejudice in denying his motion for a continuance, and that the findings of fact are clearly erroneous, plaintiff is here insisting that the findings must be set aside and the judgment reversed. We cannot agree.

The denial of a motion for continuance is in the discretion of the Court and a careful examination of the record discloses no abuse of discretion.

Appellant's other point is no better taken. We may, and do, under Rule 52, Federal Rules of Civil Procedure, 28 U.S. C.A. set aside findings of fact where the record warrants such action. No warrant for doing so appears here. A fact case, heard entirely on oral evidence by an experienced judge, the plaintiff swearing "did" and the defendant "did not", this is peculiarly a case for application of the cautionary rule[3] against setting findings aside. The judgment is affirmed.

C. L. Chancey, Ft. Lauderdale, Fla., and J. T. Chancey, Ft. Lauderdale, Fla., for appellant.

C. H. Landefeld, Jr., Hollywood, Fla., for appellee.

Before HUTCHESON, SIBLEY and HOLMES, Circuit Judges.

PER CURIAM.

Brought by a tenant against his landlord, the suit was for $2100.00 treble damages for rent overcharges of $700.00 claimed to have been exacted between January 1, 1946, and January 6, 1947. Though, therefore, the suit was brought after enactment of the Housing and Rental Act of 1947,[1] the limited jurisdictional provisions of Section 205 of that act,[2] Cf. Fields v. Washington, 173 F.2d 701, did not apply, and the suit was properly brought under the saving provisions of Sec. 901(b), 50 U. S.C.A.Appendix.

Tried to the judge without a jury and turning upon the respective veracities of plaintiff and defendant, there were findings and judgment for defendant.

[1] 50 U.S.C.A.Appendix, § 1881 et seq.

[2] 50 U.S.C.A.Appendix, § 1895.

[3] "Findings of fact shall not be set aside unless clearly erroneous and due

regard shall be given to the opinion of the trial court to judge of the credibility of the witnesses".