**WOLFE et al. v. NORRIS et al.**

No. 13292.

United States Court of Appeals
Fifth Circuit.

June 15, 1951.

Rehearing Denied Aug. 16, 1951.

740

Frank Clark, Jr., Miami, Fla.. for appellant.

Robert D. Ross, Miami, Fla., for appellee.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought on September 29, 1948, under the provisions of Section 205 (c) of the Emergency Price Control Act of 1942, as amended and extended, 50 U.S. C.A.Appendix, § 925(c), and Section 205 of the Housing and Rent Act of 1947, 50 U.S.A.Appendix, § 1895, to recover treble damages and attorney's fees for an alleged overcharge on certain housing accommodations at Miami, Florida.

The complaint charges that plaintiffs rented from the defendants Apartment No. 2 at 221 S.W. 11th Avenue, Miami, Florida, during the period from November 1, 1947, to June 1, 1948; that they paid $1500.00 rent for the apartment when the maximum legal rent for that accommodation as allowed by the area OPA rent office was only $350.00; that they were overcharged in the amount of $1150.00, and were therefore entitled under the statute to recover three times the amount of the overcharge, or $3450.00, plus $350.00 attorney's fee.

Defendants, in answer, denied generally the allegations of the complaint. The case was thereafter tried by the court without a jury and judgment was entered for plaintiffs for twice the amount of the $1,150.00 overcharge, or $2,300.00, plus the $350.00 attorney's fee requested. Motion for new trial was thereafter overruled.

The principal questions confronting us for determination are (1) whether there is substantial evidence to support the finding of the trial court as to the overcharge; and (2) whether the court committed reversible error in admitting evidence of correspondence and conversations between the plaintiffs and their alleged agent which were not within the knowledge or presence of the defendants.

The evidence reveals that the defendants owned the premises in question, and that the maximum legal rent thereon was $50.00 per month; that in October, 1947, plaintiffs were in Chicago and desired to spend the winter in Miami; that through a Chicago friend they got in touch with a Mrs. Rose Rand in Miami who made arrangements with the owners for them to rent the premises, and wrote plaintiffs that she had found an apartment for their use; that Mrs. Rand further notified plaintiffs that in order to secure the apartment they had to put up a deposit of $500.00, and pay the balance of $1,000.00 when they took possession of the premises; that plaintiffs wired her the $500.00 and received a second letter in which she notified them: "Received the money you sent and gave it to Mr. Wolfe the owner of the apartment",[1] and that Mrs. Rand later received a cashier's check payable to Mrs. Anna Feldberg, the deceased wife of one of the plaintiffs, which was in the amount of $1,000.00, and which she endorsed along with Mrs. Feldberg on behalf of the defendants.

---

1. The letter added: "have the cash ready for him", apparently referring to the additional $1,000.00 mentioned in the first letter.

We are of opinion substantial evidence supports the trial court's finding that defendants demanded and received of plaintiffs $1,150.00 in excess of the maximum allowable rent on the premises in question, thereby violating the provisions of the rent control Act and the regulations thereunder. Brown v. Schwartz, 5 Cir., 164 F.2d 151; Barnes v. Bowles, 5 Cir., 157 F.2d 790; Steinfeldt v. Haymond, 5 Cir., 175 F.2d 768; Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

We find no merit in the contention that the trial court committed reversible error in admitting evidence as to the correspondence and conversations had between plaintiffs and Mrs. Rand. The evidence reveals that Mrs. Rand did not act exclusively as the agent of the plaintiffs, but also acted for the defendants as well. Defendants authorized Mrs. Rand to rent the apartment for them as their agent, and in pursuance of such authorization she negotiated the deal with plaintiffs and secured the $1,500.00 on defendants' behalf. In fact, Mrs. Rand testified that for six months before the trial defendants had employed her as their agent to manage the apartment building in which the premises in question were located. Under such circumstances, the trial court manifestly did not err in considering her testimony. Section 90.09, Florida Statutes Annotated; Moore's Federal Practice, pp. 3064–5.

We further find no misjoinder of parties plaintiff which would justify a reversal of this case. It was shown that plaintiff, Feldberg, through his daughter, Mrs. Norris, paid the money to Mrs. Rand, who in turn paid the amount of the overcharge to the defendants. Under the statute, therefore, Feldberg is one from whom defendants demanded and received the excess rent, and they were therefore liable to him for the overcharge in the amount awarded by the trial court. Housing and Rent Act of 1947, Section 205, Title 50, U.S.C.A.Appendix, § 1895.

There is no reversible error in the record, and the judgment is accordingly affirmed.