**HENRY PRATT CO.**
**v.**
**STOODY CO., Inc. et al.**
**Civ. No. 15985.**

United States District Court
S. D. California, Central Division.
April 9, 1954.

Memorandum for Order June 30, 1954.

Latham & Watkins, Los Angeles, Cal., for plaintiff.

Trippet, Newcomer, Yoakum & Thomas, F. B. Yoakum, Jr., Los Angeles, Cal., for defendant.

HALL, District Judge.

The matter is before the court on a motion of the defendant to dismiss and for more definite statement. The plaintiff's complaint is for damages for breach of contract and breach of warranty in connection with a transaction whereby the defendant supplied the plaintiff "butterfly valves" for a special use. The damages prayed for are in the sum of $232,455.43, made up of two items; one in the sum of $47,455.43 described as "out-of-pocket expenses"; and the other item in the sum of $185,000 for damage and loss of plaintiff's "good will, business, and profits".

The motion to dismiss is based upon the general ground that the complaint fails to state a claim upon which relief can be granted. But the arguments in support of it are those made in support of the motion for more definite statement and consist principally of assertions that the complaint is defective in that it fails to allege the items of special damage as to either one of the two above named sums, or the method of computation; the names and addresses of past, present and potential customers as to whom plaintiff's good will and reputation were damaged, and whose business plaintiff lost; the amount of business and profits lost as to each customer; failure to set forth copies or substance of all contracts with customers referred to in the complaint; the names and addresses of each such customer; and further facts as to each of the plaintiff's customers with regard to the manner in which defendant's

conduct caused the plaintiff to lose good will, reputation and business.

■ All of the above matters except the itemization of special damages are evidentiary in nature and can be urged, or the propriety of securing them can be determined, on discovery proceedings. The motion for more definite statement as to them is, therefore, denied.

This order will thus treat only of the questions raised with relation to the defendant's assertion that it is entitled to the information concerning the items making up the total amount of damages.

■ In that connection it does not seem to me that the cases relied upon by the plaintiff, such as Beatty v. Oakland Sheet Metal Etc. Co., 111 Cal.App. 2d 53, 244 P.2d 25, and Morello v. Growers Grape Prod. Ass'n, 82 Cal.App.2d 365, 186 P.2d 463, are controlling in the instant matter. The question as to whether or not Rule 9(g), Fed.Rules Civ.Proc., 28 U.S.C.A., applies turns on whether or not the two items of damages are general damages or special damages. If they are special damages they are required by that rule to be "specifically stated". I take it that a specific statement of special damages means not just the total lump sum but requires a statement of the specific items which go to make up that lump sum.

While Skaggs v. Wiley, 108 Cal.App. 429, 292 P. 132, was a personal injury case, nevertheless its statement of distinction between special and general damages is one which seems to be adopted in substance by many other jurisdictions. See 18 Words and Phrases, General Damages, p. 182 et seq. In that case, 108 Cal.App.2d at page 434, 292 P. at page 134, it is stated: "Special, as contradistinguished from general, damages are those which are the natural but not the necessary consequences of the act complained of".

It has been said that general damages are such as might occur to any person similarly injured, while special damages are such as did in fact accrue to the particular individual by reason of the particular circumstances of the case. Ringgold v. Land, 212 N.C. 369, 193 S.E. 267. It has also been stated that while both special and general damages must be the natural and proximate consequence of the breach of agreement, general damages are such as inevitably follow, while special damages are such as may, or may not, follow. Huyler's v. Ritz-Carlton Etc. Co., D.C.Del., 6 F.2d 404, 406. In Howard Supply Co. v. Wells, 6 Cir., 1910, 176 F. 512, it was held that the distinction between general and special damages for breach of contract is that the former are such damages as the law implies and presumes from the breach complained of, while the latter are such as have proximately resulted but do not always immediately result from the breach and will, therefore, not be implied by law. In VanBuskirk v. Quincy Etc., 131 Mo. App. 357, 111 S.W. 832, the loss of use was compared to the loss of earnings and was held to be special damages. And in Whitelaw v. Vallance, 60 Mont. 172, 198 P. 449, it was specifically held that the loss of business profits resulting from a breach of contract are special damages.

In the instant case the plaintiff pleads in considerable detail the special circumstances surrounding the making of the contract for the butterfly valves and their contemplated special and particular use by the plaintiff. From the description in the complaint it cannot be said that such damages were likely to occur "in the ordinary course of things," California Civil Code, Section 3300, or that they would have occurred to any person similarly injured, or that they would have inevitably followed the alleged breach. Certainly the transaction was not an ordinary transaction such as occurs in the purchasing of goods for retail, or the taking of raw materials for processing. All of the circumstances and facts alleged are special and peculiar to the transaction between the plaintiff and defendant.

From the foregoing it follows that the defendant is entitled to the more definite statement as to both the "out-of-pocket expenses showing the itemization of the alleged total of $47,455.43, and of the $185,000 claimed for loss of profits, good will, and business."

Accordingly, the order will be to grant the motion of the defendant for a more definite statement as above indicated. The plaintiff will be allowed 20 days after service upon it of the formal order which the defendant will prepare, to file a more definite statement or to amend plaintiff's complaint in compliance with the within memorandum. The latter procedure is preferable. In event compliance with such order is not made within the time allowed the motion to dismiss will be granted.

### Memorandum for Order

Following the order made pursuant to the court's memorandum of April 9, 1954, the plaintiff filed a more definite statement. It itemized the $47,455.43 alleged to be "out-of-pocket expenses," and, in itemization of the $185,000 alleged as damages to its "good will, business, and profits," set forth that $100,000 was damage to good will, and $85,000 was loss of business and profits.

Defendant contends it is entitled to further itemization of the latter two figures.

While they are special damages and must be specially pleaded, the itemization is sufficient to meet the requirements under the Federal Rules of Civil Procedure for a more definite statement. Further itemization is evidentiary and can be secured by discovery proceedings under the Federal Rules of Civil Procedure.

Plaintiff will prepare and submit an order denying defendant's motion to strike, to dismiss, and for a more definite statement and allowing defendant 30 days to answer after service of such order.