**Kurt SCHOEN, t/a Don Pallini Dance Studios, Appellant,**

v.

**The WASHINGTON POST, a corporation, Appellee.**

No. 13376.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 31, 1957.

Decided May 13, 1957.

Petition for Rehearing Denied July 2, 1957.

---

Mr. Leonard S. Melrod, Washington, D. C., with whom Mr. Joseph V. Gart-lan, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Gerhard A. Gesell, Washington, D. C., with whom Messrs. Fontaine C. Bradley and John H. Schafer III, Washington, D. C., were on the brief, for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

This is an appeal from the trial court's dismissal of an amended complaint which alleged the appellee newspaper had published a libelous article causing injury to appellant's reputation and business. The alleged libel occurred in a news story published March 29, 1953, which related a police vice squad raid on a dance studio owned and operated by appellant and rented by him to a high school fraternal organization on the occasion in question. When the case was called for trial in February 1956, after depositions had been taken and the issues formulated at pre-trial proceedings, the trial court granted appellant leave to amend his original complaint by adding a plea of special damages. At the same time the court dismissed the complaint as amended on the ground that the allegation of special damages lacked the requisite specificity.[1]

The amended complaint, insofar as it concerns the item of special damages,[2] alleges the following: (1) That appellant owns and operates as a business the Don Pallini Dance Studios; (2) That in the year immediately preceding the publication appellant received a gross income from the above business in the amount of $39,255.58; (3) That in the year following the publication the business' gross income amounted to $30,-946.26; (4) That the decrease "in said income resulted solely and proximately from the damage to his good name and reputation in the conduct of his business

---

1. The trial court had ruled earlier that the publication was not libelous per se to appellant and that consequently an allegation of special damages was necessary to sustain the cause of action. Appellant does not contest this ruling.

2. Appellee's contention that the complaint fails to state a claim upon which relief can be granted is limited to the asserted deficiency in pleading special damages.

arising out of said publication" ; (5) That the publication caused many customers to withdraw their custom, "resulting in the [above] decrease in gross income," and that among these customers were three named persons; and (6) That the publication caused many potential customers, whose identity appellant neither knew nor had means of knowing, to withhold their custom.

The appellant urges that these allegations meet the standards of specificity for special damages established in Erick Bowman Remedy Co. v. Jensen Salsbery Laboratories,[3] 8 Cir., 1926, 17 F.2d 255, 52 A.L.R. 1187, and quoted with approval by this Circuit in Fowler v. Curtis Publishing Co., 1949, 86 U.S.App.D.C. 349, 351, 182 F.2d 377, 379.

Appellee argues, however, that since appellant tacitly admits the published article is substantially true and since there can be no liability for publishing truthful statements of fact without malice (which is not here alleged), it is necessary for appellant to allege specifically what inaccurate portion of the article proximately caused the damages.

 There is no doubt that in order for appellant to recover the damages he must show that the decrease in income was the natural and proximate consequence of the alleged inaccuracies contained in the article, and not the result of other causes, such as the unfavorable publicity naturally emanating from the legitimate news story; but this is a matter of proof. See Stevenson v. Hearst Consolidated Publications, Inc., 2 Cir., 214 F.2d 902, certiorari denied, 1954, 348 U.S. 874, 75 S.Ct. 110, 99 L.Ed. 688. The complaint sets forth the precise nature of the losses as well as the way in which the special damages resulted from the allegedly false publication. Pollard v. Lyon, 1875, 91 U.S. 225, 237, 23 L.Ed. 308. See also 2 Moore, Federal Practice 1923 (2d ed. 1948). While the causal relationship between the damages and the specific libelous statements is not alleged with as great precision as might be possible or desirable,[4] this complaint adequately notifies both appellee and the court as to the nature of the claimed damages. Riley v. Dun & Bradstreet, Inc., 6 Cir., 1949, 172 F.2d 303. At this stage in the litigation, giving the complaint the liberal benefits which the Rules require, we feel that facts setting forth special damages have been sufficiently stated to sustain the cause of action. Erick Bowman Remedy Co. v. Jensen Salsbery Laboratories, supra note 3.

Appellee also contends that the trial court abused its discretion in permitting appellant to amend his complaint by adding an allegation of special damages on the eve of trial. A reading of the record fairly indicates that the trial judge granted the motion to amend without consideration of the equities which might flow from a grant of such a belated motion, and that he did so because he had concluded at the same time that he would dismiss the amended complaint. While there was nothing irregular or unusual

---

3. "It was therefore necessary for the plaintiff to allege either the loss of particular customers by name, or a general diminution in its business, and extrinsic facts showing that such special damages were the natural and direct result of the false publication. If the plaintiff desired to predicate its right to recover damages upon general loss of custom, it should have alleged facts showing an established business, the amount of sales for a substantial period preceding the publication, the amount of sales subsequent to the publication, facts showing that such loss in sales were [sic] the natural and probable result of such publication, and facts showing that plaintiff could not allege the names of particular customers who withdrew or withheld their custom." Erick Bowman Remedy Co. v. Jensen Salsbery Laboratories, 8 Cir.,1926, 17 F.2d 255, 261.

4. Normally such defects can be cured during pre-trial through the use of bill of particulars or discovery procedures, or at trial by the court's power over the admission and exclusion of evidence. See, e.g., Boulevard Airport, Inc. v. Consolidated Vultee Aircraft Corp., D.C. E.D.Pa.1949, 85 F.Supp. 876; Henry Pratt Co. v. Stoody Co., D.C.S.D.Cal. 1954, 16 F.R.D. 175; Etten v. Lovell Manufacturing Co., D.C.W.D.Pa.1945, 4 F.R.D. 233.

in the trial judge's action, it obviously precluded treatment of appellee's position in a situation where the amended complaint was allowed to stand and not dismissed.

In support of his contentions, appellee emphasizes that the amended complaint presents new issues of claimed financial damage to appellant which were not within the original pleadings and re-trial statements, resulting in unwarranted prejudice to appellee's defense. With this different set of issues to meet, appellee urges that at the very least the trial court should have granted a continuance and costs to compensate him for such expenses as could be shown to flow from postponement of trial due to the belated amendment. These arguments should more properly be addressed to the trial court on remand, since, where the interests of justice require it, that court has plenary powers to set aside or otherwise modify its interlocutory orders at any time before final judgment. See e. g., Marconi Wireless Telegraph Co. v. United States, 1942, 320 U.S. 1, 64 S.Ct. 1393, 87 L.Ed. 1731; John Simmons Co. v. Grier Brothers Co., 1922, 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475; Foster Motor Car Co. v. Zell Motor Car Co., 4 Cir., 1956, 234 F.2d 616. Under the Simmons case, supra, the rule is stated to be that "so long as the court has *jurisdiction over an action*, it should have complete power over interlocutory orders made therein and should be able to revise them when it is 'consonant with justice' to do so." (Emphasis added). 7 Moore's Federal Practice 87–8 (2d ed. 1955). See also 7 Moore, supra, § 60.20.[5]

Within this broad power the District Court is free, as a matter of sound judicial discretion, to allow appellee, on proper showing, such costs as he can demonstrate resulted from appellant's failure to go to trial on his original complaint and on the date the case was called for trial.

The order of the District Court dismissing the amended complaint will be reversed and the case remanded for further proceedings.

Reversed.

FAHY, Circuit Judge (concurring in part and dissenting in part).

I agree that as amended the complaint is sufficient to state a cause of action and I accordingly concur in reversal of the order dismissing the amended complaint. I would go no further since the order of the District Court granting to appellee leave to amend is not before us for review.

The authorities cited by the Court on this aspect of the case do not seem to me to be very helpful. Each refers to the power of a court of first instance to alter its interlocutory order when it has not entered a final judgment. Here, in contrast, a final judgment dismissing the complaint had been entered by the District Court and it is the only judgment before us on the appeal. Furthermore, appellant never expressed to this Court any desire to secure from the District Court the incidental relief now suggested.

---

The order granting a motion to amend a pleading is of course interlocutory. It is only the judgment dismissing the amended complaint which had finality, and that judgment now having been vacated, the District Court is free to vacate, alter, or amend the interlocutory

order which preceded the final judgment. To hold otherwise is to suggest either that the District Court abdicates its plenary power by entering an erroneous final order or that a vacated judgment possesses some degree of effectiveness.