**EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Appellant,**

v.

**Ruby Nell Martin WEEDEN, Appellee.**

**No. 17796.**

United States Court of Appeals
Fifth Circuit.

Feb. 18, 1960.

Marian Mayer, Deutsch, Kerrigan & Stiles, New Orleans, La., for appellant.

Falvey J. Fox, New Orleans, La., for appellee.

Before TUTTLE, CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This appeal is from a judgment for substantially $6,000 rendered in favor of appellee Weeden for permanent and total benefits under the Louisiana Workmen's Compensation Act, LSA–R.S. 23:1021 et seq., against appellant Employer's Liability Assurance Corporation, Ltd., insurance carrier of Johnny-Lee Cleaners, appellee's employer. After motion for reargument and for new trial had been denied appellant appealed, assigning five errors alleged to have been committed by the trial court, which heard and decided the case without a jury.[1] We are unable to pass upon the errors specified, because we do not know the bases upon which the court below rested its verdict and judgment.

The court heard oral testimony from seven witnesses, including two doctors, and the deposition of one doctor, but failed entirely to "find the facts specially and state separately its conclusions of law thereon," as required by Rule 52(a) F.R.Civ.P., 28 U.S.C.A. Of such a situation Professor Moore[2] states: "Where the trial court fails to make findings, or to find on a material issue, and an appeal is taken, the appellate court will normally vacate the judgment and remand the action for appropriate findings to be made."

Concerning a like situation this Court recently[3] stated:

"We find ourselves in full agreement with the views thus expressed: that it is the duty of the trial court to deal adequately with and to distinguish with clarity what it finds as fact and what it holds as conclusions of law; and not the duty or the right of this court to make independent determinations; that the district judge has completely failed to make fact findings upon the issues and to adequately state the grounds upon which his decision rests; and that a decision by us on this record, affirming or reversing this judgment, would not be a review by us of the findings of the district court, but in effect an initial determination of them by us."

And in a damage suit where the district court simply entered judgment for the injured person in a certain sum,[4] we reached a like conclusion and quoted at length from a Supreme Court case as one of the bases therefor.

While the award made by the court was for the highest permissible amount based upon a finding of total and permanent disability occasioned by injury to appellee's left thumb, the only remarks made by the court, when the evidence was concluded, were unfavorable to appellee's case.[5] This case, therefore,

---

1. "1—The trial court erred in failing to determine whether the appellee was a common or skilled laborer.

   "2—The trial court erred if its decision be interpreted as a holding that the appellee's work as a presser is skilled, not common labor.

   "3—The trial court erred if its decision be interpreted as a holding that appellee could not work as a presser.

   "4—The trial court erred in awarding benefits under the general disability clauses for an injury which does not interfere with the performance of appellee's employment.

   "5—The trial court erred in overlooking the defense that the appellee's residual loss was due to her own lack of cooperation."

2. 5 Moore's Federal Practice, 2d Ed., p. 2662.

3. Johnson v. United States, and reverse title, 5 Cir., 1958, 256 F.2d 849, 850.

4. Victory Towing Company, Inc. v. Bordelon, 5 Cir., 1955, 219 F.2d 540.

5. "I might say at this point that this plaintiff has not helped her case or cause very much. You may say she has hurt it, I think. I'll say I don't think she has been a frank and honest witness here. She had certainly not helped her case by her attitude on the witness stand * * * It makes it difficult to appraise her testimony * * *

makes an extraordinary call for full and explicit findings by the trial court, so that we may pass intelligently upon the question whether its conclusions and award were justified under the evidence.

The judgment of the court below is vacated and the cause is remanded for further action of the district court, including the making of appropriate findings and conclusions as required by the Rules of Procedure.

Vacated and remanded.