**Morton H. HALPERIN, et al., Plaintiffs,**

**v.**

**Henry A. KISSINGER, et al., Defendants.**

**Civ. A. No. 1187-73.**

United States District Court, District of Columbia.

July 1, 1982.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Mark H. Lynch, Susan W. Shaffer, Alan B. Morrison, Washington, D. C., for plaintiffs.

Larry L. Gregg, Ann Robertson, Civil Div., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., Chief Judge.

Morton Halperin, his wife and two sons brought this action in 1973, seeking compensatory and punitive damages from defendants Kissinger, Nixon, Mitchell and Haldeman [1] under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–20 (1976 & Supp. III 1979) and the Fourth Amendment. The suit arises from a twenty-one month warrantless wiretap on plaintiffs' home telephone from May 1969 until February 1971. On appeal of this Court's December 1976 ruling, 424 F.Supp. 838, the Court of Appeals for this Circuit affirmed this Court's conclusions on the immunity issue, but reversed on the applicability of Title III, the proper measure of damages, and defendant Kissinger's motion for summary judgment. The Court of Appeals also held that the warrant requirement for national security wiretaps was applicable to the surveillance in this case. *Halperin v. Kissinger,* 606 F.2d 1192, 1195 (D.C.Cir.1979). On June 22, 1981, the decision of the Court of Appeals with respect to Nixon, Mitchell and Kissinger was affirmed by an equally divided vote of the Supreme Court. The writ of certiorari with respect to Haldeman was dismissed as improvidently granted. *Kissinger v. Halperin,* 452 U.S. 713, 101 S.Ct. 3132, 69 L.Ed.2d 367 (1981). A petition for rehearing was denied.[2]

On remand before this Court, plaintiffs have filed three motions: a renewed motion to disqualify government counsel from representing all of the individual defendants, a motion to amend the complaint, and a motion requesting jury trial on all issues. Defendants have opposed all three motions, and have moved to strike plaintiffs' jury demand.

## I. *Plaintiffs' Renewed Motion to Disqualify Government Counsel*

■ Plaintiffs originally moved to disqualify government counsel over two years ago, while the case was pending before the Supreme Court. This Court denied that motion without prejudice. Plaintiffs renew their motion now, claiming that there are irreconcilable conflicts in the deposition testimony of the individual defendants, such that one counsel cannot properly represent

---

1. The dismissal of defendants Haig, Sullivan, Mardian, Erlichman, and the Chesapeake & Potomac Telephone Company by this Court was not challenged on appeal.

2. Justice Rehnquist did not participate. 453 U.S. 928, 102 S.Ct. 892, 69 L.Ed.2d 1024.

them. They also claim that the Department of Justice has advocated the institutional interests of the United States to the detriment of the individual defendants, and that the Department has not met its obligation to make the individual defendants aware of the conflicts involved. Lastly, plaintiffs argue that joint representation inhibits their ability to seek a settlement with one or more, but less than all, of the defendants. According to plaintiffs, the enhanced possibility of trial before this Court makes the above concerns even more pressing now than they may have been when the earlier motion was filed.

Under Disciplinary Rule 5–105(C) of the American Bar Association Code of Professional Responsibility (as amended, August 1978), a lawyer may represent multiple clients having differing interests "if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effects of such representation on the exercise of his independent professional judgment on behalf of each."[3] The Supreme Court recently stated in a case involving the Sixth Amendment rights of criminal defendants that:

> Defense counsel have an ethical obligation to avoid conflicting representations and to advise the Court promptly when a conflict of interest arises during the course of trial. Absent special circumstances, therefore, trial courts may assume either that multiple representation entails no conflict or that the lawyer and his client knowingly accept such risk of conflict as may exist.... Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry. (footnotes omitted).

*Cuyler v. Sullivan*, 446 U.S. 335, 346–47, 100 S.Ct. 1708, 1717–18, 64 L.Ed.2d 333 (1980). The Court of Appeals for this Circuit has several times taken the position that in some instances the trial court has the obligation to affirmatively determine that co-defendants have intelligently chosen to be represented by the same attorney. *E.g., Lollar v. United States*, 376 F.2d 243, 245–46 (D.C.Cir.1967); *Campbell v. United States*, 352 F.2d 359, 360–61 (D.C.Cir.1965). The individual defendants in this case are neither uneducated nor unaware of their alternatives. Due to their potentially serious liability and the importance of the issues presented, however, the Court decided to accept the Department of Justice's offer to examine its privileged communications with the individual defendants *in camera*. The Court examined these communications solely to determine whether actual conflict exists and whether the individual defendants knowingly accepted the risks of any conflict.

After plaintiffs' second motion for disqualification was filed, the Department provided the individual defendants with a thirty-two page memorandum detailing the Department's proposed factual and legal strategy in this action, the potential advantages and disadvantages of Department representation, and the bases of the motion to disqualify. The individual defendants each notified the Department shortly afterwards that they had considered the materials provided and desired the Department to continue its representation of them in this action. Having examined these documents, the Court is satisfied that the consent of the individual defendants was given voluntarily and only after full disclosure and explanation of the issues involved. Plaintiffs' request to examine the individual letters of consent is denied.

Examination of the depositions of the individual defendants reveals no irreconcilable conflicts, as alleged by plaintiffs, but rather some vague and general statements of the individual defendants, from which plaintiffs themselves have drawn conflicting conclusions. As far as plaintiffs' tactical difficulties with settlements are concerned, this problem has been resolved by designating separate settlement counsel for each individual defendant.

**3.** The standards of the ABA Code of Professional Responsibility are made applicable to attorneys practicing before this Court by Rule 4–3(IV) of the Rules of this Court and by Rule X of the Rules of the District of Columbia Court of Appeals, as amended.

While it is not obvious that the Department will face no conflicts in its representation of the individual defendants in this case, *see* Disciplinary Rule 5–105(C), this Court is satisfied that no significant conflicts exist at present, and that defendants have made the choice to accept joint representation while in an adequate position to judge the possibility and effects of conflicts in the future. *See Westinghouse Electric Corp. v. Gulf Oil Corporation*, 588 F.2d 221, 229 (7th Cir. 1978). Moreover, weighing defendants' informed consent, the good faith representations of the Department, the benefits to defendants of a "united front" and Government experience in presenting their defense, *Aetna Casualty & Surety Co. v. United States*, 570 F.2d 1197, 1202 (4th Cir. 1978), against the time and expense both defendants and this Court would suffer if the individual defendants were required to hire new counsel nine years into suit, it is clear that plaintiffs' motion to disqualify should not be granted.

## II. *Plaintiffs' Motion to Amend the Complaint*

■ Due to plaintiffs reliance on a presumption of injury in requesting damages for violation of their Fourth Amendment rights, this Court concluded there was no demonstrable injury and awarded them only nominal damages. *See Halperin v. Kissinger*, 434 F.Supp. 1193, 1195 (D.D.C. 1977). The Court of Appeals remanded, stating, "We think that conclusion neglected the possibility that plaintiffs might show loss due to emotional distress and mental anguish, traditional bases for tort recovery." *Halperin v. Kissinger*, 606 F.2d at 1207–08 (D.C.Cir.1979). The Court of Appeals added in a footnote, "We see no reason why, on remand, they [plaintiffs] should not be permitted to amend their pleadings and attempt to demonstrate injury". *Id.* at 1207 n.103. Plaintiffs seek now to amend their complaint to add the allegation that they "suffered emotional distress and mental anguish as a result of the twenty-one month surveillance of their home telephone."

Defendants argue that the proposed amendment is not specific enough to satisfy Rule 9(g) of the Federal Rules of Civil Procedure. Although not a model of precision, plaintiffs' proposed amendment does adequately notify both defendants and the Court as to the nature of the claimed damages. *Schoen v. Washington Post*, 246 F.2d 670, 672 (D.C.Cir.1957). If defendants wish an itemization or estimation of damages at this stage, the proper course would be to move for a more definite statement. 2A J. Moore & J. D. Lucas, Moore's Federal Practice ¶ 9.08 (2d ed. 1982). Alternatively, the additional information may be sought through depositions or other discovery mechanisms. *E.g., Great American Indemnity Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962); *Schoen v. Washington Post*, 246 F.2d at 672 n.4.

## III. *Plaintiffs' Motion for a Jury Trial*

■ Should the Court allow plaintiffs' amendment as to damages, plaintiffs demand a jury trial on that issue pursuant to Rule 38(b) of the Federal Rules of Civil Procedure. Simultaneously, plaintiffs have moved for relief from their waiver of jury trial on all other issues under Rule 39(b). They argue that it would be more expedient to try all issues together before a jury. The force of plaintiffs' argument hangs on their assumption that their demand for a jury trial on their new damage claim is timely under Rule 38(b). The Third Circuit decided that question in *Walton v. Eaton Corp.*, 563 F.2d 66 (3rd Cir. 1977) (en banc), holding that an added allegation that plaintiff suffered mental and emotional injury is not a "new issue" for purposes of Rule 38(b), provided the amended pleadings concern the same basic issues as the original ones. *See id.* at 72. Unlike the situation in *In Re Zweibon*, 565 F.2d 742 (D.C.Cir.1977), the amendment in this case does not open up a new defense or a new ground upon which to recover damages, but instead it supports the original claim.[4] Although plaintiffs did

---

4. Whereas in *Zweibon* the amendment was necessary because the defendant did not expressly assert the defense of good faith, which the Court later allowed on remand, in this case it was plaintiffs who did not specifically allege damages and who now seek to do so.

not specifically allege losses due to emotional distress and mental anguish in the original pleadings, the Court of Appeals indicated that recovery on those grounds was possible and might have been sought by plaintiffs. *See Halperin v. Kissinger,* 606 F.2d at 1207–08 & 1207 n.103. As a result, the Court finds there is no new issue in the amended pleadings here. Consequently, plaintiffs have no right to a jury trial under Rule 38(b).

Nor is there any basis for the Court to order a jury trial under Rule 39(b). Plaintiffs present no explanation for their failure to demand jury trial nine years ago when this suit was brought. *See generally* 5 J. Moore, J. D. Lucas & J. Wicker, Moore's Federal Practice ¶ 39.09 (2d ed. 1982). Moreover, it is obvious that a jury trial on all issues in this case would not promote expediency, but would present formidable obstacles in view of the complex factual and legal issues involved, as well as the pervasive publicity surrounding them. In these circumstances, there is substantial risk of prejudice, should relief from the waiver be granted and a jury trial allowed. *Cf. Plummer v. General Electric Co.,* 93 F.R.D. 311, 313 (E.D.Pa.1981). Accordingly, plaintiffs' motion for a jury trial on all issues on remand is denied.

Plaintiffs' motion to disqualify government counsel and plaintiffs' motion for a jury trial on all issues are denied. Plaintiffs' motion to amend the complaint is granted. Defendants' motion to strike plaintiffs' jury demand is granted. An order consistent with this opinion follows.

## ORDER

Upon consideration of plaintiffs' renewed motion to disqualify government counsel from representation of defendants Kissinger, Nixon, Mitchell and Haldeman, plaintiffs' motion to amend the complaint, plaintiffs' motion for a jury trial on all issues, defendants' motion to strike plaintiffs' jury demand, all papers filed in support of and in opposition thereto, the oral argument of counsel and the entire record, it is by the Court this 1st day of July 1982

ORDERED that plaintiffs' renewed motion to disqualify government counsel is denied, and it is further

ORDERED that plaintiffs' motion to amend the complaint is granted, and it is further

ORDERED that plaintiffs' complaint is amended as follows:

Page 12 is amended to include the following paragraph:

44. Plaintiffs suffered emotional distress and mental anguish as a result of the twenty-one month surveillance of their home telephone.

The prayer for relief is amended to include the following paragraph:

2a. Plaintiffs individually have judgment against each defendant (except defendant Webster) in compensatory and punitive damages in a sum deemed just for the emotional distress and mental anguish which plaintiffs suffered as a result of the twenty-one month surveillance of their home telephone.

and it is further

ORDERED that plaintiffs' motion for a jury trial on all issues is denied and defendants' motion to strike plaintiffs' jury demand is granted.