578 F.2d 102
 1978-2 Trade Cases 62,181
 Shirley ZYLSTRA and John P. Cole, Jr., Individually and on
behalf of all others similar situated, Plaintiffs-Appellees,
v.
SAFEWAY STORES, INC., the Great Atlantic & Pacific Tea
Company, Inc., Kroger Co., and Lykes Pasco Packing
Co., Defendants-Appellants.
 Nos. 77-1899, 77-2719.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 9, 1978.
 
 David S. Batcheller, Miami, Fla., Vaughn R. Walker, Richard W. Odgers, C. Douglas Floyd, San Francisco, Cal., for Safeway Stores.
 Harry Kemker, Tampa, Fla., Denis McInerney, Leonard A. Spivak, Ada Meloy, New York City, for Great Atlantic & Pacific Tea Co.
 Sylvia H. Walbolt, Tampa, Fla., for Kroger Co.
 W. Reece Smith, Jr., Tampa, Fla., Herbert Dym, Washington, D. C., T. Paine Kelly, Jr., Tampa, Fla., for Lykes-Pasco Packing Co.
 Alan Raywid, Frances Chetwynd, Burt A. Braverman, Washington, D. C., Donald Stichter, Harley E. Riedel, II, Tampa, Fla., for plaintiffs-appellees.
 Appeals from the United States District Court for the Middle District of Florida.
 Before BROWN, Chief Judge, THORNBERRY and CLARK, Circuit Judges.
 CHARLES CLARK, Circuit Judge:
 
 
 1
 These consolidated appeals are both taken from an order of the district court denying defendants' motion to disqualify counsel from representing plaintiffs who wish to prosecute this antitrust suit as a class action. In part, the motion to disqualify is based upon Canon 9's admonition that lawyers "should avoid even the appearance of professional impropriety." According to the defendants, an appearance of impropriety arises because one named plaintiff, Shirley Zylstra, is the wife of a partner in the firm seeking to represent the class of plaintiffs. In addition, another named plaintiff, John P. Cole, Jr., is himself a partner in the law firm with Mrs. Zylstra's husband, Roger Zylstra. Defendants also contend that disqualification is required under Canon 5 because Roger Zylstra ought to be called as a witness for the plaintiffs if the case goes to trial.
 
 
 2
 Case No. 77-1899 is a direct appeal under 28 U.S.C. § 1291; case No. 77-2719 is an interlocutory appeal brought under 28 U.S.C. § 1292(b). In certifying that the appeal in No. 77-2719 involved a controlling question of law, the district court alluded to two issues. First, it indicated that there was a possible conflict between this circuit's opinion in Woods v. Covington County Bank, 537 F.2d 804 (5th Cir. 1976), and the Third Circuit's opinion in Kramer v. Scientific Control Corporation, 534 F.2d 1085 (3d Cir.), cert. denied, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976). As the district court viewed the cases, in Woods this circuit rejected all per se rules in applying Canon 9. Kramer, by contrast, established a per se rule that would disqualify counsel under the circumstances of this case.
 
 
 3
 The second issue to which the district court alluded involved Glenn v. Arkansas Best Corporation, 525 F.2d 1216 (5th Cir. 1975). In that case this court declined to permit an appeal from a refusal to disqualify counsel who represented the class of plaintiffs in a stockholders' derivative suit. The basis for that decision was the court's conclusion that determination of whether there would be a conflict of interest if counsel were permitted to continue was intertwined with the issue of whether counsel would provide adequate representation for the class. In other words, resolution of any challenge under Canon 9 was a necessary preliminary step in deciding whether to certify the class under Rule 23 of the Federal Rules of Civil Procedure. Since the court had previously refused to hear appeals from the district court's certification of the class it declined to permit a second challenge which raised substantially the same issues.
 
 
 4
 In the present case the briefs and arguments establish that the Canon 9 question and the Rule 23 question are inextricably intertwined. A ruling on one question without also deciding the other inevitably leaves gaps in reasoning. For example, the allegation that Roger Zylstra's representation of the class would create an appearance of impropriety assumes that the action will be certified as a class action. If there is no class action there can be no conflict of interest between the firm and the class members. Thus the district court ought not to have ruled on the motion to disqualify counsel without also deciding whether a class action could be maintained under Rule 23. With the issues so intermeshed there is no final order as defined under section 1291. We therefore dismiss the appeal in case number 77-1899 for lack of jurisdiction.[1]
 
 
 5
 We reach a different conclusion for case number 77-2719. The application of Woods to the facts of this case presents a controlling question of law which has not been decided by this Circuit. Another panel of this court has exercised its discretion under section 1292(b) to permit this appeal to continue. Although the district court did not decide whether to certify the class, it assumed that there would be certification and that Roger Zylstra's law firm would continue to represent the class. For the purposes of reviewing that refusal to disqualify we make the same assumption. We conclude that Roger Zylstra and his firm should have been disqualified from representing the plaintiffs as a class.
 
 
 6
 In Woods this Circuit established a two-part standard for determining whether an attorney should be disqualified under Canon 9. There must first be "at least a reasonable possibility that some specifically identifiable impropriety did in fact occur." 537 F.2d at 813. Second, the court "must also find that the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a particular case." 537 F.2d at 813 n. 12. In applying those standards in Woods the court disavowed a per se rule under Canon 9 for the facts in that case. The court did not, however, decide every possible disqualification controversy. In particular it did not determine the Canon's operation in the class action context in which an attorney both was a class member and attempted to represent himself and the remainder of the class. We are persuaded by the analysis of the Third Circuit that attorneys who are partners or spouses of named plaintiffs, or who themselves are members of the class of plaintiffs should be subject to a per se rule of disqualification under Canon 9 and should not be permitted to serve as counsel for the class. See Kramer, supra.
 
 
 7
 We reach that conclusion because of the conflict of interest which is inherent in such a situation. An attorney whose fees will depend upon the outcome of the case and who is also a class member or closely related to a class member cannot serve the interests of the class with the same unswerving devotion as an attorney who has no interest other than representing the class members. In the terms of Woods, whenever an attorney is confronted with a potential for choosing between actions which may benefit himself financially and an action which may benefit the class which he represents there is a reasonable possibility that some specifically identifiable impropriety will occur. Furthermore, the public suspicion of such a conflict is sure to outweigh any public benefit from having that attorney continue.
 
 
 8
 Our conclusion that the district court erred in not granting the motion to disqualify does not end the dispute before the district court. The district judge has yet to decide whether to permit the action to continue as a class action. If he decides to certify the class sought in this action, our decision would prevent the plaintiffs' present attorneys from serving as class counsel. If the class is not certified then our decision says nothing about the challenge to Roger Zylstra and his firm representing the named plaintiffs as individuals. Ordinarily there would be no objection to an attorney representing his wife in litigation. Here, however, defendants have moved to disqualify counsel under Canon 5 also, and in particular D.R.5-102, which provides that a lawyer shall withdraw from representing a party whenever he "learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client." Defendants have argued that Roger Zylstra ought to be a witness because of his responsibilities for managing the orange grove. Since the district court did not rule on this challenge it is not before the court and we intimate no opinion on its resolution.
 
 
 9
 No. 77-1899 is dismissed.
 
 
 10
 No. 77-2719 is reversed.
 
 
 
 [1]
 We are aware of and bound by the general rule of this Circuit that denial of a motion to disqualify counsel is appealable under 28 U.S.C. § 1291. See, e. g., Draganescu v. First National Bank of Hollywood, 502 F.2d 550, 551 (5th Cir. 1974), cert. denied, 421 U.S. 929, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975). But where the issue of counsel's disqualification is so intertwined with the issue of certification of the class that the two issues cannot be separately decided, the result must be that no separate appeal of a ruling on disqualification will lie under section 1291. Thus, some rulings on the disqualification of counsel may be unappealable under section 1291 prior to final judgment because of the Supreme Court's recent limitation of the collateral order doctrine in Coopers & Lybrand v. Livesay, --- U.S. ----, ----, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). That this is so will not, however, prevent certification under section 1292(b) of unique cases or resort to mandamus should a district court fail to follow this opinion