## NORTH AMERICAN ACCEPTANCE CORPORATION SECURITIES CASES, Plaintiffs,

### Smith, Cohen, Ringel, Kohler & Martin and Barthold & McGuire, Plaintiffs-Appellees,

v.

### ARNALL, GOLDEN & GREGORY and Touche Ross & Co., Defendants-Appellants.

No. 78–2600.

United States Court of Appeals, Fifth Circuit.

April 20, 1979.

Rehearing and Rehearing En Banc Denied June 20, 1979.

See 597 F.2d 591.

Freeman & Hawkins, A. Timothy Jones, Atlanta, Ga., for Arnall, Golden & Gregory.

Bryon Attridge, Michael C. Russ, Ralph B. Levy, Atlanta, Ga., for Touche Ross & Co.

John C. Gray, Atlanta, Ga., for defendants Lifton, Weingrow & Heckler.

Smith, Cohen, Ringel, Kohler & Martin, pro se.

Robert W. Beynart, Atlanta, Ga., for Smith, Cohen, Ringel, Kohler & Martin.

Barthold & McGuire, pro se.

Harold F. McGuire, Jr., New York City, for Barthold & McGuire.

Before GOLDBERG, SIMPSON and CLARK, Circuit Judges.

GOLDBERG, Circuit Judge:

This is an appeal from a denial of a motion to disqualify counsel. The law firm of Smith, Cohen, Ringel, Kohler, and Martin (Smith Cohen) represents a plaintiff class against various defendants in a complicated securities fraud action. Two of the defendants in that action, the law firm of Arnall, Golden, & Gregory (Arnall Golden) and the accounting firm of Touche Ross & Co. (Touche Ross), moved to disqualify Smith Cohen because of an alleged conflict of interest; Smith Cohen represents both the plaintiff class and, in unrelated matters, one of the defendants, the First National Bank of Atlanta (First National).

In response to the motion to disqualify, Smith Cohen filed a *motion to withdraw* from prosecuting the plaintiffs' claim

against First National. It would continue to prosecute the plaintiffs' claims against the other defendants. The district court granted Smith Cohen's motion for limited withdrawal and appointed the law firm of Barthold & McGuire to represent the plaintiffs in prosecuting their claim against First National. Finding that Smith Cohen's limited withdrawal cured any conflict of interest which may have existed, the district court denied the motion to disqualify Smith Cohen. Defendants Arnall Golden and Touche Ross appeal this denial.[1]

We must first determine whether under 28 U.S.C. § 1291 this court has jurisdiction to hear the appeal. Section 1291 provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." In general, an appeal under § 1291 must be from a final judgment. *See Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). However, the Supreme Court recognized in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), that some interlocutory orders, those meeting certain requirements, are appealable under § 1291. The Supreme Court recently restated *Cohen's* requirements for appealability as follows: "[t]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). Since the order in this case is not a final judgment, it must meet *Cohen's* three requirements to be appealable under § 1291.

Many of our decisions have held that rulings on motions to disqualify counsel meet the *Cohen* requirements. *E. g., Woods v. Covington City Bank*, 537 F.2d 804, 809 (5th Cir. 1976); *In re Yarn Processing*, 530 F.2d 83, 85 (5th Cir. 1976); *United States v. Garcia*, 517 F.2d 272, 275 (5th Cir.

---

1. Appellants also argue that this court should disqualify Barthold & McGuire because of its connection with Smith Cohen—Smith Cohen had previously employed Barthold & McGuire to assist in representing the plaintiff class. We do not reach this issue because we conclude that there is no jurisdiction for the appeal.

1975); *Draganescu v. First National Bank,* 502 F.2d 550, 551 (5th Cir. 1974); *Tomlinson v. Florida Iron & Metal, Inc.,* 291 F.2d 333, 334 (5th Cir. 1961). However, none of these decisions involved a motion to disqualify a class attorney. Our recent decision in *Zylstra v. Safeway Stores, Inc.,* 578 F.2d 102 (5th Cir. 1978), establishes that rulings on motions to disqualify class counsel are not necessarily appealable under § 1291.

The issue in *Zylstra,* as in this case, was whether a denial of a motion to disqualify the class attorney was appealable under § 1291.[2] The *Zylstra* court recognized that disqualification orders are generally appealable. It held, however, that the order before it was not appealable because the disqualification issue was really a part of the class certification question.[3] It set up the following test to determine the appealability of rulings on motions to disqualify class counsel: "where the issue of counsel's disqualification is so intertwined with the issue of certification of the class that the two cannot be separately decided, the result must be that no separate appeal of a ruling on disqualification will lie." Id. at 104 n.1.

It was not the particular conflict of interest raised in *Zylstra* that made the disqualification issue a part of the certification question. Whenever a district court is aware of possible grounds for disqualifying the class attorney before it makes the certification decision, the disqualification issue will be a part of the certification question. This is due to the fact that the court, in order to certify the class, must find that class counsel is "qualified, experienced, and generally able to conduct the proposed liti-

gation." *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir. 1969).[4] Obviously, an attorney who should be disqualified because of a conflict of interest will not meet this requirement. Thus, in deciding whether or not to certify the class, the court must necessarily decide any disqualification issue presented. *See, e. g., Conway v. City of Kenosha,* 409 F.Supp. 344 (E.D.Wis.1975); *Basch v. Talley Industries, Inc.,* 53 F.R.D. 14 (S.D.N.Y.1971).

Since the court in this case was unaware of class counsel's alleged conflict of interest when it certified the class, it could not have considered the disqualification issue in making its certification decision. The *Zylstra* test provides that the disqualification ruling will not be appealable when the disqualification and certification issues are so intertwined that they "cannot be separately decided." *Id.* In this case the certification question was decided separately from the disqualification question. Thus, *Zylstra* does not compel us to hold that the disqualification order is not appealable. Nonetheless, we so hold because we conclude, for the reasons stated below, that denials of motions to disqualify class counsel are not appealable under § 1291.

*Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is our starting point. Although it is no solvent it does give guides. Although it does not spell out the resolution of our problem, it does provide a rubric of appealability. As we stated earlier, to be appealable under § 1291, an interlocutory order must meet the three requirements set forth in *Cohen.* Our cases have held that denials of motions

---

**2.** The motion to disqualify class counsel in *Zylstra* was also based on an alleged conflict of interest. The named plaintiffs included both the wife and law partner of the attorney for the class.

**3.** The class certification decision is not appealable. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Bennett v. Behring Corp.,* 525 F.2d 1202 (5th Cir. 1976); and *Knox v. Amalgamated Meat Cutters,* 520 F.2d 1205 (5th Cir. 1975).

**4.** Federal Rule of Civil Procedure 23, which sets out the requirements a court must find in order to certify a class, does not specify that

the court must find that class counsel is qualified. It does state, however, that a court must find that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). In deciding whether this requirement is met, courts examine the qualifications of the class attorney. They focus on the attorney, as well as the named parties, because they realize the important role the attorney plays in protecting the interests of the class. *See Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir. 1969).

to disqualify counsel, *when counsel is representing an individual client,* meet the *Cohen* requirements. *E. g., In re Yarn Processing,* 530 F.2d 83, 85 (5th Cir. 1976). *Zylstra* shows us, however, that we cannot assume that a denial of a motion to disqualify *class counsel* will also be appealable under § 1291. Class actions are a species unto themselves and should often be judicially treated as such. In fact, when we consider denials of motions to disqualify class counsel under *Cohen,* we find that because of the special nature of class actions, these orders do not meet two of *Cohen's* three requirements—the requirement that the order "conclusively determine the disputed question" and the requirement that the order "be effectively unreviewable on appeal from a final judgment." [5]

The denial of a motion to disqualify class counsel may not conclusively decide the disqualification question because, in a class action, the trial court has the continuing duty to see that the class is adequately represented. *Guerine v. J & W Investment, Inc.,* 544 F.2d 863, 864 (5th Cir. 1977). To perform this duty, the trial court must constantly scrutinize the class attorney to see that he is adequately protecting the interests of the class. If, at any time, the trial court realizes that class counsel should be disqualified, it is required to take appropriate action. It must either enter orders eliminating the problem or decertify the class. *See id.;* Fed.R.Civ.P. 23(d). In the ordinary adversary litigation the trial court does not have this monitoring duty, and thus, the disqualification question generally presents the trial court with a now or never decision. However, in class actions because of this special duty imposed on the trial court, the court's initial denial of the disqualification motion may not conclusively determine the disqualification issue.

Furthermore, a denial of a motion to disqualify class counsel can be effectively reviewed on appeal from a final judgment. The party's claim that the class attorney should have been disqualified is, in effect, a claim that the class was not adequately represented. And the requirement that the class be adequately represented is reviewable on appeal from a final judgment. *See, e. g., Sagers v. Yellow Freight System, Inc.,* 529 F.2d 721 (5th Cir. 1976).

Because of the problems of piecemeal review, and because courts are burdened beyond measure, we must be parsimonious in our analysis of appealability. A parsimonious analysis need not be unjust. It should simply be a strict application of *Cohen.* In the great majority of cases *Cohen* will lead the court to correctly conclude that an interlocutory order is not appealable. But should it not, we note that there is another avenue of appeal open to the litigants. Under 28 U.S.C. § 1292(b) the trial judge may certify as appealable otherwise unappealable orders.[6] Thus § 1292(b) is a safety valve which can prevent any injustice that may be caused by the strict application of *Cohen.*

For the reasons stated, we hold that the denial of the motion to disqualify the class counsel is not appealable under § 1291. Because we have no jurisdiction, we dismiss the appeals.

DISMISSED.

---

5. Our statement of the *Cohen* requirements is taken from the Supreme Court's recent application of them in *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). We note that although the "effectively unreviewable" requirement was a basis for the decision in *Cohen, see* 337 U.S. at 546, 69 S.Ct. 1221, we have not always emphasized it when we considered whether orders were appealable under *Cohen. See, e. g., In re Yarn Processing,* 530 F.2d 83, 85 (5th Cir. 1976). The other *Cohen* requirement, "that the order resolve an important issue completely separate from the merits of the action," is met.

6. § 1292(b) provides, "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order . . . ."