597 F.2d 591
 NORTH AMERICAN ACCEPTANCE CORPORATION SECURITIES CASES, Plaintiffs,
Smith, Cohen, Ringel, Kohler & Martin and Barthold &
McGuire, Plaintiffs- Appellees,
v.
ARNALL, GOLDEN & GREGORY and Touche Ross & Co., Defendants-Appellants.
 No. 78-2600.
 United States Court of Appeals,
Fifth Circuit.
 June 20, 1979.
 
 Freeman & Hawkins, A. Timothy Jones, Atlanta, Ga., for Arnall, Golden & Gregory.
 R. Bryon Attridge, Michael C. Russ, Ralph B. Levy, Atlanta, Ga., for Touche Ross & Co.
 John C. Gray, Atlanta, Ga., for defendants Lifton, Weingrow & Heckler.
 Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., pro se.
 Robert W. Beynart, Atlanta, Ga., for Smith, Cohen, Ringel, Kohler & Martin.
 Barthold & McGuire, New York City, pro se.
 Harold F. McGuire, Jr., New York City, for Barthold & McGuire.
 ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC
 (Opinion April 20, 1979, 5 Cir., 1979, 593 F.2d 642).
 Before GOLDBERG, SIMPSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants correctly point out in their petition for rehearing and rehearing en banc, that in our panel opinion[1] we miscited Woods v. Covington County Bank, 537 F.2d 804 (5th Cir. 1976). Woods Involved a motion to disqualify a class attorney, and we cited it as though it involved a motion to disqualify an attorney representing an individual client. This error, however, changes neither the analysis in our panel opinion nor our conclusion.
 
 
 2
 The court in Woods held the attorney disqualification order to be appealable under 28 U.S.C. § 1291 because other attorney disqualification orders had been held to meet the requirements for appealability set out by the Supreme Court in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The cases on which the Woods court relied, however, did not involve motions to disqualify a class attorney. Since the court did not even address this distinction, we certainly do not read Woods as holding that rulings on motions to disqualify class counsel are appealable under § 1291.
 
 
 3
 Indeed, in Zylstra v. Safeway Stores, Inc., 578 F.2d 102 (5th Cir. 1978), we held that a ruling on a motion to disqualify a class counsel was not appealable under § 1291. As we read Zylstra, it shows that rulings on motions to disqualify class counsel cannot automatically be treated like other attorney disqualification orders. Accordingly, we concluded in our panel opinion that we should consider these rulings under the test set forth by Supreme Court in Cohen for determining the appealability of orders under § 1291. Under that test, a denial of a motion to disqualify class counsel is not appealable. Significantly, appellants do not dispute this conclusion.
 
 
 4
 The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the Petition for Rehearing En Banc is DENIED.
 
 
 
 [1]
 North American Acceptance Corp. v. Arnall, Golden & Gregory, 593 F.2d 642 (5th Cir., 1979)