Donald J. WILLY, Plaintiff,

v.

The COASTAL CORPORATION, Coastal States Management Company, Inc., James R. Paul, George L. Brundrett, Charles F. Jones, William A. Dunker, and E.C. (Bud) Simpson, Defendants.

Civ. A. No. H–85–6947.

United States District Court,
S.D. Texas,
Houston Division.

Nov. 12, 1986.

---

George A. Young, Houston, Tex., for plaintiff.

James L. Reed, Looper, Reed, Ewing & McGraw, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER OF DISMISSAL

HITTNER, District Judge.

Pending before the Court is Defendants' Motion to Dismiss (as to Plaintiff's alleged First Cause of Action for wrongful termination). Having considered the pleadings and the law applicable thereto, this Court is of the opinion that Defendants' Motion to Dismiss should be, and hereby is, GRANTED. It is therefore

ORDERED that Plaintiff's First Cause of Action, alleging wrongful termination, be DISMISSED pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Furthermore, it is

ORDERED that Plaintiff's remaining pendant claims (Plaintiff's Second, Third, Fourth, and Fifth Causes of Action) be DISMISSED.

Plaintiff Willy complains via five alleged causes of action of his termination from employment as "in-house" counsel with Defendant Coastal Corporation. Willy worked for Coastal Corporation for over three years before he was fired on October 1, 1984. His legal advice concerned the company's compliance with various federal and state environmental laws.

Plaintiff's first cause of action alleges wrongful termination from his employment as an "in-house" attorney for the Defendant corporation. Plaintiff contends that he was fired because he "required the company to comply with the environmental laws. They objected to this requirement. I left the employment of the company involuntarily." Plaintiff's Petition for Removal, exhibit 1, Plaintiff's Original Petition, page 10. The Plaintiff does not allege, however, that he reported these alleged violations by his employer to any Federal Authority.[1]

---

1. Plaintiff bases his allegations of illegal acts upon various federal statutes: the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601 *et*

Nonetheless, this Court will not decide whether the Defendant company ordered the plaintiff to commit an illegal act. The basis for dismissal rests upon another rationale.

The well-established standard to be used for dismissal for failure to state a claim upon which relief can be granted is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The purpose of the Rule 12(b)(6) motion to dismiss is to test the law of the alleged claim, and not the facts allegedly supporting the claim. 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (1969 & Supp.1986). The law at issue in Plaintiff's claim is the law of wrongful termination as it is developing in the State of Texas.[2]

■ Plaintiff has asked this Court to expand the Texas exception to employment-at-will to an attorney who believes he has been asked to violate the law. Indeed, the narrow public policy exception to employment-at-will adopted in *Hauck* encourages law enforcement.[3] An attorney, as an officer of the Court, often is placed in the dilemma of serving either his client's wishes or the law's demands. As legal practitioners are no doubt aware, the line is often not clear. Under these circumstances, however, the Texas Canons of Ethics and the Disciplinary Rules are the standard for an attorney's professional conduct. If an attorney believes that his client is intent upon pursuing an illegal act, the attorney's option is to voluntarily withdraw from employment. DR 2–110(C)(1)(c). When an attorney elects not to withdraw and not to follow the client's wishes, he should not be surprised that his client no longer desires his services. Once the client does elect to terminate the relationship, however, the attorney is required *mandatorily* to withdraw from any further representation of that client. DR 2–110(B)(4). The standard is the same for an in-house attorney.[4]

■ There is a well-established standard for professional conduct when an attorney finds himself in the situation as described by the plaintiff. Therefore, this Court does not believe that it is necessary or proper[5] to extend the *Hauck* public policy exception and does not find a cause of action for termination of an attorney's services to be within the exception to employment-at-will adopted by the Texas Supreme Court.

seq.; Safe Drinking Water Act, 42 U.S.C. § 201, 300f *et seq.;* the Clean Air Act, 42 U.S.C. § 7401 *et seq.;* and the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* Many of these Acts provide statutory safeguards for retaliatory discharge, a protection the Plaintiff has sought via the United States Department of Labor in Case No. 85–CAA–1. The resolution of said complaint is not under review by this Court; however, this Court acknowledges the precedential case of *Brown & Root, Inc. v. Donovan,* 747 F.2d 1029 (5th Cir. 1984), in which the Fifth Circuit held that the retaliatory discharge protection of the Energy Reorganization Act does not protect internal activities such as disagreements over the conformance of reports with federal requirements. Absent contact with a competent organ of the government, the employee does not make out a claim intended to protect a "whistle blower." *Brown & Root, Inc.,* at 1034–36.

**2.** The Texas Supreme Court has only recently acknowledged the tort of wrongful termination but the Court did so for a very limited exception to the common law doctrine of employment-at-will. The public policy exception adopted is very narrow and "governs only the discharge of an employee for the sole reason that the employee refused to perform an illegal act." *Hauck v. Sabine Pilot Services, Inc.,* 687 S.W.2d 733, 735 (Tex.1985).

**3.** *Hauck,* 687 S.W.2d at 735.

**4.** *See, e.g.,* of application of the same standards of conduct to "in-house" attorneys, *UpJohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), and *Doe v. A. Corp.,* 709 F.2d 1043 (5th Cir.1983).

**5.** Prior to the Texas Supreme Court's decision in *Hauck,* the Fifth Circuit for the Federal Courts had been asked but declined to delve into making exceptions to the employment at will doctrine as it existed in the common law of Texas. *See, e.g., Claus v. Gyorkey,* 674 F.2d 427, 433 (5th Cir.1982).

Additionally, this Court declines to maintain pendant jurisdiction over the remaining state law claims which allege breach of ethical duty, invasion of privacy, intentional infliction of emotional distress, blacklisting,[6] conspiracy, and intentional interference with business and contracts. The long-standing case authority on pendant jurisdiction is *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The general rule of *Gibbs* is to dismiss state claims, if the federal claims are dismissed before trial. *Gibbs* at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228. In the exercise of its discretion in this area, the Court has considered the three prerequisites of *Gibbs*,[7] and finds there to have been little substance to the alleged Federal claim although sufficient to confer subject matter jurisdiction.[8] This case was originally filed in state court and removed by the Defendants based upon the assertion that the Plaintiff's first cause of action would require, as an essential element of the action, construction or application of a federal statute. *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). In Plaintiff's first cause of action, unlawful conduct is an essential element. *Hauck* at 735. The unlawful conduct in this case requires interpretation of several Federal statutes.[9] Therefore, dismissal of the federal claim, which is extrapolated from a state cause of action, makes dismissal of the remaining pendant claims appropriate.

6. Tex.Rev.Civ.Stat.Ann. arts. 5196c and 5196d (Vernon Supp.1986).

7. In *Gibbs*, the Supreme Court delineated three prerequisites to the exercise of pendant jurisdiction. First, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court." Second, "[t]he state and federal claims must derive from a common nucleus of operative facts." Finally, the "plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding...." *Gibbs* at 725, 86 S.Ct. at 1138, 16

L.Ed.2d at 227. *Also see, Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1317–1320 (5th Cir.1983).

8. The Plaintiff did object to the removal of this case from state court. However, another Judge of this Court in an order dated April 11, 1986, considered and denied that motion. This Court declines to look behind that order.

9. *Supra*, note 2.