Donald J. **WILLY, Petitioner,**

v.

**COASTAL STATES MANAGEMENT COMPANY, INC., Respondent.**

No. 97–0278.

Supreme Court of Texas.

July 14, 1998.

Michael A. Maness, Houston, for petitioner.

James L. Reed, Jr., Marcheta Leighton-Beasley, Richard J. Hammett, Lewis B. Gardner, Houston, Jessie A. Amos, Austin, Stanley E. Crawford, Jr., Houston, for respondent.

OWEN, Justice, joined by HECHT, Justice, concurring.

As a rule, I am loath to withdraw an order granting an application for writ of error (or petition for review) as improvidently granted after the Court has heard oral argument unless there is some change in the case—not merely the Justices' views of the case—that casts the matter in a wholly different light. Having been invited to brief and argue the merits of their dispute, the parties should not simply be sent away without an answer. In this case it was not entirely clear until oral argument that the principal dispute between the parties in this Court, as distinct from the disputes raised in the lower courts, was whether the court of appeals correctly applied the law it stated, not whether the law it stated was correct. Because this latter issue is essential to a full discussion of the case but has not been fully briefed by the parties here, I concur in the Court's decision to withdraw the order granting the application for writ of error and to deny the application.

The question of critical importance to the approximately 5,000 lawyers of this state who

are in-house attorneys[1] and their employer-clients is whether this Court should recognize any common-law cause of action for wrongful discharge of an in-house attorney based on the limited exception to the employment-at-will doctrine that we recognized in *Sabine Pilot Service, Inc. v. Hauck.*[2] In the case now before us, Donald Willy, formerly in-house counsel for Coastal States Management Company, contends that he was discharged because he refused to perform an illegal act. Willy obtained a judgment in his favor from which both he and Coastal appealed.

In the court of appeals, Coastal maintained that in-house counsel should be accorded the same treatment as outside counsel and that the *Sabine Pilot* exception should not be applied when a client dismisses its in-house counsel. That position has been accepted by the Illinois courts[3] and at least one federal district court applying Texas law.[4] The court of appeals recognized, however, that other courts have reached different conclusions.[5] The courts of California[6] and Massachusetts[7] have held that a cause of action for wrongful discharge may be pursued if the confidences of the client can be maintained. At least one other court has relied on a statute in holding that an attorney may pursue a claim for wrongful discharge.[8]

After surveying the admittedly few decisions in this area, the court of appeals declined to accept Coastal's argument that *Sabine Pilot* should not be applied at all to in-house counsel and instead held that Willy could pursue his claim if he could do so without violating his obligation to respect client confidences and privileges.[9] The court then proceeded to examine the evidence and held that Willy could not prove his claim without violating his ethical obligations to maintain Coastal's confidences. Accordingly, the court of appeals reversed the district court judgment and rendered judgment for Coastal.[10]

In its briefing in this Court, Coastal has retreated from its position that *Sabine Pilot* should not apply to in-house counsel and instead contends that the court of appeals struck the appropriate balance. Willy, of course, contends that he is authorized under the circumstances of this case to reveal confidential or privileged information to the extent necessary to press his claim. The legal issue of whether *Sabine Pilot* should even apply has not been fully briefed or tested by advocacy in our Court. This weighs heavily against our consideration of that question.

Further, the Court cannot address the limited points of error raised by Willy without assuming that a common-law cause of action should be recognized for in-house counsel under *Sabine Pilot* as formulated by the court of appeals. Rather than write an opinion on the nuances of a cause of action that may not exist in Texas, we should await the case in which issue is fully joined on the threshold question of whether in-house counsel fall within the exception we carved out in *Sabine Pilot.*

Accordingly, I concur in the denial of this application for writ of error.

1. DEPARTMENT OF RESEARCH & ANALYSIS, STATE BAR OF TEXAS, STATE BAR OF TEXAS 1997–1998 BOARD OF DIRECTORS DEMOGRAPHIC PROFILE 3 (1997–1998).

2. 687 S.W.2d 733, 735 (Tex.1985).

3. *See Balla v. Gambro, Inc.*, 145 Ill.2d 492, 164 Ill.Dec. 892, 584 N.E.2d 104, 108 (Ill.1991); *Herbster v. North Am. Co.*, 150 Ill.App.3d 21, 103 Ill.Dec. 322, 501 N.E.2d 343, 348 (Ill.App.Ct. 1986), *cert. denied*, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 105 (1987).

4. *See Willy v. Coastal Corp.*, 647 F.Supp. 116, 118 (S.D.Tex.1986), *rev'd on other grounds*, 855 F.2d 1160 (5 th Cir.1988).

5. 939 S.W.2d 193, 198.

6. *See generally General Dynamics Corp. v. Superior Court*, 7 Cal.4th 1164, 32 Cal.Rptr.2d 1, 876 P.2d 487 (Cal.1994).

7. *See generally GTE Prods. Corp. v. Stewart*, 421 Mass. 22, 653 N.E.2d 161 (Mass.1995).

8. *See Parker v. M & T Chems., Inc.*, 236 N.J.Super. 451, 566 A.2d 215, 220 (N.J.Super.Ct.App.Div.1989).

9. 939 S.W.2d at 200.

10. *Id.* at 201.